671 A.2d 560

GENERAL MOTORS CORP., PLAINTIFF–RESPONDENT, v. CITY OF LINDEN AND THE ASSESSOR OF LINDEN, DEFENDANTS–APPELLANTS AND CROSS–RESPONDENTS, AND RICHARD CHAIKEN, AGENT, SERVANT OR EMPLOYEE OF THE CITY OF LINDEN, DEFENDANT–RESPONDENT AND CROSS–APPELLANT.

Argued October 24, 1995—Decided February 29, 1996.

*Donald P. Jacobs* argued the cause for appellants and cross-respondents, City of Linden and the Assessor of Linden (*Budd Larner Gross Rosenbaum Greenberg & Sade,* attorneys; *Mr. Jacobs* and *Carl Greenberg,* on the briefs).

*Michael H. Cohen* argued the cause for respondent and cross-appellant (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys; *Mr. Cohen* and *Meredith Kaplan Stoma,* on the briefs).

*Kenneth S. Geller,* a member of the District of Columbia bar, argued the cause for respondent (*Garippa & Davenport,* attorneys; *Howard Friedlaender,* a member of the Michigan bar, of counsel; *John E. Garippa* and *Philip J. Giannuario,* on the brief).

*John R. Lloyd* argued the cause for *amicus curiae* Association of Municipal Assessors of New Jersey (*Rosenblum Wolf & Lloyd,* attorneys).

*Julian F. Gorelli,* Deputy Attorney General, argued the cause for *amicus curiae* Director, Division of Taxation (*Deborah T. Poritz,* Attorney General of New Jersey, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel).

The opinion of the Court was delivered by

POLLOCK, J.

The dispositive issue is whether General Motors Corporation (GM) may maintain an action under 42 *U.S.C.A.* § 1983 (section 1983)[1] against defendants: City of Linden; Emanuel Frangella, Linden's tax assessor; and Richard Chaiken, a property appraiser retained by Frangella. Essentially, GM claims that defendants discriminated against it by assessing GM's automobile assembly plant in violation of GM's due process rights. Underlying that claim is GM's contention that defendants reassessed the plant at an excessive value in retaliation for GM's appeals from prior assessments.

The Law Division granted summary judgment for defendants, reasoning that it lacked jurisdiction to entertain GM's section 1983 action and that defendants enjoyed absolute immunity. The Ap-

---

[1] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

pellate Division reversed and remanded, holding that the Law Division had jurisdiction of the claim and that defendants' immunity was not absolute. 279 *N.J.Super.* 449, 653 *A.*2d 568 (1995). We granted defendants' petition for certification, 142 *N.J.* 454, 663 *A.*2d 1361 (1995).

In the interim, the United States Supreme Court decided *National Private Truck Council v. Oklahoma Tax Commission*, —— *U.S.* ——, 115 *S.Ct.* 2351, 132 *L.Ed.* 2d 509 (1995), which prohibits state courts from providing relief under section 1983, if state law provides an adequate remedy for relief from unconstitutional tax assessments. New Jersey's system provides such a remedy. Consistent with *National Private Truck*, we reverse the judgment of the Appellate Division and reinstate the judgment dismissing GM's complaint.

–I–

In 1985–86, GM, at a cost of approximately $3.5 million, renovated and added 200,000 square feet to its 2.4 million square-foot plant in Linden. Linden retained Chaiken to assist Frangella in reassessing the property for 1986. Based on Chaiken's recommendation, Frangella increased the 1986 assessment by $17.69 million. The increase resulted in a prorated assessment for the last four months of 1986 in the amount of $5,896,667. On GM's appeal, the Union County Board of Taxation affirmed the assessment. GM appealed to the Tax Court, where the matter remains pending.

On October 1, 1993, GM filed this action seeking compensatory and punitive damages under section 1983. The complaint alleged that Chaiken and Frangella ("the individual defendants") had engaged in discriminatory, arbitrary, and unconstitutional conduct in reassessing GM's property. GM sought damages of $2 million, plus interest, costs, and attorneys fees.

Because of the appeal pending in the Tax Court, the Law Division held that the entire controversy doctrine deprived it of jurisdiction to determine GM's section 1983 claim. The Law

Division also declared that the individual defendants enjoyed absolute immunity. It dismissed the complaint against Linden, reasoning that it was not subject to liability for Frangella's alleged violation of GM's due process rights.

In reversing and remanding, the Appellate Division held that the Law Division had jurisdiction of GM's section 1983 claim. The court further stated that the individual defendants were not entitled to absolute immunity. Finally, it reversed the dismissal of the complaint in favor of Linden, asserting that because Frangella was the final policy maker on tax matters, Linden could be liable for his conduct.

Four months later, the United States Supreme Court decided *National Private Truck, supra*, —— *U.S.* ——, 115 *S.Ct.* 2351, 132 *L.Ed.* 2d 509. That decision renders moot the issues that divided the lower courts: whether the Law Division had jurisdiction of GM's section 1983 action and whether the individual defendants were entitled to immunity.

–II–

Two federal statutes govern this action, section 1983 and 28 *U.S.C.A.* § 1341 (section 1341),[2] the Tax Injunction Act. Generally speaking, section 1983 provides a cause of action in state or federal courts to redress federal constitutional and statutory violations by state officials. By comparison, section 1341 prohibits federal courts from enjoining the collection of a state tax "where a plain, speedy and efficient remedy may be had in the courts of such State." GM's claim arises at the intersection of the two statutes.

Decisions of the United States Supreme Court, most notably *National Private Truck* and its predecessors, guide our reading of

---

[2] 28 *U.S.C.A.* § 1341 provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

the statutes. As those decisions make clear, Congress preserved an essential attribute of federalism by directing federal courts not to interfere in the administration of state tax systems. *Fair Assessment in Real Estate Ass'n v. McNary*, 454 *U.S.* 100, 103, 102 *S.Ct.* 177, 179, 70 *L.Ed.* 2d 271, 275 (1981). Relying on the principle of comity, the United States Supreme Court has held that federal courts must refrain from interfering with state tax systems whether the taxpayer seeks an injunction, 28 *U.S.C.A.* § 1341; declaratory relief, *Great Lakes Dredge & Dock Co. v. Huffman*, 319 *U.S.* 293, 299, 63 *S.Ct.* 1070, 1073, 87 *L.Ed.* 1407, 1412 (1943); or damages, *Fair Assessment, supra*, 454 *U.S.* at 113, 102 *S.Ct.* at 184, 70 *L.Ed.* 2d at 281–82.

In *Fair Assessment,* a taxpayers' association filed a federal court action challenging the assessment of real estate in Missouri. Claiming that the assessment violated their equal protection and due process rights, the taxpayers sought damages. In rejecting their claim, the United States Supreme Court held

that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate and complete, and may ultimately seek review of the state decisions in this Court.

[454 *U.S.* at 116, 102 *S.Ct.* at 186, 70 *L.Ed.* 2d at 283.]

Drawing on principles underlying section 1341, the Court explained:

"The statute 'has its root in equity practice in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations.' *Tully v. Griffin, Inc.*, 429 *U.S.* [68], 73 [, 97 *S.Ct.* 219, 222, 50 *L.Ed.* 2d 227 (1976) ]. This last consideration was the principal motivating force behind the Act: this legislation was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes. 81 Cong.Rec. 1415 (1937) (remarks of Sen. Bone)...."

[*Fair Assessment, supra*, 454 *U.S.* at 110, 102 *S.Ct.* at 183, 70 *L.Ed.* 2d at 279–80 (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 *U.S.* 503, 522, 101 *S.Ct.* 1221, 1233, 67 *L.Ed.* 2d 464 (1981) (footnote omitted)).]

The Court reasoned that the award of damages, like the issuance of an injunction, would unduly interfere with the collection of state taxes. *Fair Assessment, supra,* 454 *U.S.* at 111, 102 *S.Ct.* at 184, 70 *L.Ed.* 2d at 280.

Last year, the Court extended the principle of non-interference. It held that when an adequate state remedy is available, section 1983 does not provide a cause of action in state courts. *National Private Truck, supra,* —— *U.S.* at ——, 115 *S.Ct.* at 2355, 132 *L.Ed.* 2d at 517. In *National Private Truck,* non-resident motor carriers for truckers successfully challenged an Oklahoma tax as a violation of the commerce and privileges and immunities clauses of the United States Constitution. The truckers alleged that Oklahoma imposed the tax in retaliation for taxes imposed by twenty-five other states on trucks registered in Oklahoma. In addition to seeking a tax refund under Oklahoma law, the truckers sought declaratory and injunctive relief under section 1983.

Earlier, the Oklahoma Supreme Court had concluded that the truckers were not entitled to relief under section 1983. The United States Supreme Court had vacated the Oklahoma Supreme Court's opinion and remanded for further consideration in light of *Dennis v. Higgins,* 498 *U.S.* 439, 111 *S.Ct.* 865, 112 *L.Ed.* 2d 969 (1991).

In *Dennis,* the Court recognized a trucker's challenge to a Nebraska truck tax under section 1983 as violative of the commerce clause. The Court held that commerce clause violations can give rise to a cause of action under section 1983. It explained that section 1983 " 'provide[s] a remedy, to be broadly construed, against all forms of official violation of federally protected rights.' " *Id.* at 445, 111 *S.Ct.* at 869, 112 *L.Ed.* 2d at 977 (quoting *Monell v. Department of Social Services,* 436 *U.S.* 658, 700–01, 98 *S.Ct.* 2018, 2044, 56 *L.Ed.* 2d 611, 641 (1978)). The Court stated that "the Nebraska Supreme Court erred in holding that petitioner's claim could not be brought under 42 U.S.C. § 1983." *Id.* at 451, 111 *S.Ct.* at 873, 112 *L.Ed.* 2d at 981.

Notwithstanding the holding in *Dennis,* the Oklahoma Supreme Court on remand denied relief under section 1983. Without discussing *Dennis,* the United States Supreme Court affirmed. The absence of any discussion of *Dennis* renders *National Private Truck* somewhat enigmatic. Our reading of *National Private Truck* leads us to conclude that the Court has determined that Congress did not intend claims involving state tax administration to be actionable under section 1983 in state or federal court, whether those claims arise from alleged violations of the interstate commerce or due process clauses. The United States Supreme Court has recognized an exception under section 1983 for challenges to a state tax system when a state provides a plain, adequate, and complete remedy.

As the Court explained in *National Private Truck,* "the background presumption that federal law generally will not interfere with administration of state taxes leads us to conclude that Congress did not authorize injunctive or declaratory relief under § 1983 in state tax cases." —— *U.S.* at ——, 115 *S.Ct.* at 2355, 132 *L.Ed.* 2d at 517.

The Court explained further:

Just as *Fair Assessment* relied upon a background principle in interpreting § 1983 to preclude damage actions in tax cases brought in federal court, so we rely on the same principle in interpreting § 1983 to provide no basis for courts to award injunctive relief when an adequate legal remedy exists. Our interpretation is supported not only by the background principle of federal non-interference discussed in *Fair Assessment,* but also by the principles of equitable restraint discussed at length in that case. Whether a suit is brought in federal or state court, Congress simply did not authorize the disruption of state tax administration in this case.

[*National Private Truck, supra,* —— *U.S.* at ——, 115 *S.Ct.* at 2356, 132 *L.Ed.* 2d at 518.]

Before *National Private Truck,* some state courts had interpreted *Fair Assessment* as limiting federal court jurisdiction. *See Burrell v. Mississippi State Tax Comm'n,* 536 *So.*2d 848, 864 (Miss.1988) (stating that notwithstanding jurisdictional bar on federal courts in *Fair Assessment,* state court must hear section 1983 suits); *Bung's Bar & Grille, Inc. v. Township Council,* 206

*N.J.Super.* 432, 459–61, 502 *A.*2d 1198 (1985) (noting that neither Tax Injunction Act nor *Fair Assessment* prohibits section 1983 access to state courts); *see also* Note, *Clarifying Comity: State Court Jurisdiction and Section 1983 State Tax Challenges,* 103 *Harv.L.Rev.* 1888, 1902–03 (1990) (observing that limits on federal jurisdiction in *Fair Assessment* do not extend to state courts, which must hear section 1983 state tax challenges). Some federal courts also understood *Fair Assessment* as limiting their jurisdiction and specifically acknowledged the availability of section 1983 state tax suits in state courts. *See Bernard v. Village of Spring Valley,* 30 *F.*3d 294, 297 (2d Cir.1994) (dismissing section 1983 tax suit in federal court because adequate remedies "such as a § 1983 suit in state court" are available); *Long Island Lighting Co. v. Brookhaven* (LILCO), 889 *F.*2d 428, 432–33 (2d Cir.1989) (same).

Other state courts, anticipating the holding in *National Private Truck,* interpreted *Fair Assessment* to preclude section 1983 actions in any forum so long as the state provides an adequate legal remedy. *See Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue,* 583 *N.E.*2d 214, 221 (Ind.Tax 1991) (holding that principle of equitable restraint in *Fair Assessment* would bar state courts from hearing section 1983 state tax challenges if state remedy were adequate). These state courts, without relying explicitly on principles of comity, followed the federal courts' deference to state tax administration and declined to entertain the section 1983 actions. *See, e.g., Zizka v. Water Pollution Control Auth.,* 195 *Conn.* 682, 490 *A.*2d 509, 514 (1985) (applying rationale in *Fair Assessment* to conclude that availability of adequate state remedy "forecloses the plaintiff's § 1983 claims ... in state court"); *Stufflebaum v. Panethiere,* 691 *S.W.*2d 271, 273 (Mo.1985) (stating that "the teaching of McNary is that, given a plain, adequate and complete remedy [under state law], taxpayers may not seek relief under § 1983"); *Hanson v. Quill Corp.,* 500 *N.W.*2d 196, 197 (N.D.1993) (finding that policies underlying federal bar to section 1983 state tax suits in Tax Injunction Act and *Fair Assessment* apply equally to section 1983 actions in state courts); *Hogan v. Musolf,* 163 *Wis.*2d 1, 471 *N.W.*2d 216, 222

(1991) (same), *cert. denied,* 502 *U.S.* 1030, 112 *S.Ct.* 867, 116 *L.Ed.*2d 773 (1992).

■ When read in light of *National Private Truck,* we believe that *Fair Assessment* is best understood as limiting not the jurisdiction of federal courts, but the availability of section 1983 actions in any court, federal or state. As we read it, *National Private Truck* states that a violation of the United States Constitution arising out of an assessment of a state tax generally will not give rise to a section 1983 action when the state has provided an adequate legal remedy. In sum, both state and federal courts "must refrain from granting federal relief under § 1983 when there is an adequate legal remedy." —— *U.S.* at ——, 115 *S.Ct.* at 2357, 132 *L.Ed.*2d at 519.

■ GM seeks to distinguish *National Private Truck* on the grounds that it seeks compensatory and punitive damages, not merely a refund or declaratory relief, as the taxpayers sought in *National Private Truck.* We reject the distinction. In *Fair Assessment,* as in the present case, the taxpayers sought damages. Nonetheless, the Court held that when a state provides an adequate remedy, a federal court may not entertain an action for damages. The Court reasoned that a damage award would first require a declaration that the state officials had violated the taxpayers' constitutional rights. 454 *U.S.* at 113, 102 *S.Ct.* at 184, 70 *L.Ed.*2d at 281–82. A taxpayer's right to seek damages would disrupt the tax system as much as the right to seek declaratory relief. *Ibid.* In brief, the Court focused not on the nature of the relief requested, but on the possible interference of any relief in the administration of the state tax system. Thus, neither state nor federal courts may award damages or grant either injunctive or declaratory relief when a state provides an adequate remedy.

■ To be adequate, a state remedy need only satisfy "minimal *procedural* criteria." *Rosewell v. LaSalle Nat'l Bank,* 450 *U.S.* 503, 512, 101 *S.Ct.* 1221, 1228–29, 67 *L.Ed.*2d 464, 473 (1981). Courts measure the adequacy of a state remedy by procedural, not

substantive, criteria. *Id.* at 512, 101 *S.Ct.* at 1229, 67 *L.Ed.*2d at 473. Further, courts should construe narrowly the exception to the requirements of an adequate remedy. *California v. Grace Brethren Church,* 457 *U.S.* 393, 413, 102 *S.Ct.* 2498, 2510, 73 *L.Ed.*2d 93, 109 (1982).

In *Rosewell,* the taxpayer sought injunctive relief in a section 1983 suit involving a tax assessment of her property. She alleged due process and equal protection violations, claiming that disparities in assessments were based on race and that the excessive assessment of her property was in retaliation for challenging prior assessments. 450 *U.S.* at 507, 101 *S.Ct.* at 1226, 67 *L.Ed.*2d at 470. The municipality contended that the suit was not cognizable under section 1983 because the state's refund procedure provided an adequate remedy. *Id.* at 510–11, 101 *S.Ct.* at 1228, 67 *L.Ed.*2d at 472.

In accepting that contention, the Court concluded that the municipality could require the taxpayer to pay the tax and seek a refund afterward. *Id.* at 512, 101 *S.Ct.* at 1228–29, 67 *L.Ed.*2d at 473; *see also McKesson v. Division of Alcoholic Beverages,* 496 *U.S.* 18, 39–40 & n. 21, 110 *S.Ct.* 2238, 2251–52 & n. 21, 110 *L.Ed.*2d 17, 37–38 & n. 21 (1991) (noting that due process requires only that state provide either pre-deprivation process, *e.g.,* a hearing, or post-deprivation process, *e.g.,* a tax refund). To be adequate, a state remedy merely needs to provide an opportunity sometime for a "full hearing and judicial determination" at which the taxpayer may raise all constitutional objections to the tax. *Rosewell, supra,* 450 *U.S.* at 515 & n. 19, 101 *S.Ct.* at 1230 & n. 19, 67 *L.Ed.*2d at 475 & n. 19.

In other contexts, when plaintiffs have alleged substantive due process or other constitutional violations involving tax matters, courts consistently have analyzed the adequacy of the remedy in terms of the process afforded by the state. *See, e.g., Grace Brethren Church, supra,* 457 *U.S.* at 415–17, 102 *S.Ct.* at 2511–12, 73 *L.Ed.* 2d at 111–12 (observing that First Amendment claim could be adequately addressed in challenge to constitutionality of

unemployment tax in state court); *Fair Assessment, supra,* 454 *U.S.* at 116, 102 *S.Ct.* at 186, 70 *L.Ed.* 2d at 283–84 (finding that allegations of retaliatory tax increase to penalize taxpayers who appealed prior assessments could be adequately remedied in state court); *Rosewell, supra,* 450 *U.S.* at 528, 101 *S.Ct.* at 1237, 67 *L.Ed.* 2d at 483 (stating that allegations that tax assessor taxed minority-owned buildings at higher rate were adequately addressed in state's refund procedure); *LILCO, supra,* 889 *F.* 2d at 431 (determining that refund was adequate to remedy allegation of discriminatory tax); *Garrett v. Bamford,* 582 *F.* 2d 810, 820 (3d Cir.1978) (stating that equal protection claim alleging disparate property assessments was properly addressed through adequate administrative and judicial review in state court); *Moore v. Trippe,* 743 *F.Supp.* 201, 210 (S.D.N.Y.1990) (finding refund adequate to address allegations of religious discrimination as evidenced by unfair tax assessment).

 Concerning the exercise of the power to tax, "the States are afforded great flexibility in satisfying the requirements of due process." *National Private Truck, supra,* —— *U.S.* at ——, 115 *S.Ct.* at 2355, 132 *L.Ed.* 2d at 516. A state remedy need not be identical to section 1983 remedies. *Sipe v. Amerada Hess Corp.,* 689 *F.* 2d 396, 407 (3rd Cir.1982). It need not be the best remedy available, *Colonial Pipeline Co. v. Collins,* 921 *F.* 2d 1237, 1245 (11th Cir.1991); *Mandel v. Hutchinson,* 494 *F.* 2d 364, 367 (9th Cir.1974); the most convenient remedy, *Behe v. Chester County Bd. of Assessment Appeals,* 952 *F.* 2d 66, 68 (3rd Cir.1991); or equal to or comparable with federal remedies, *Colonial Pipeline Co., supra,* 921 *F.* 2d at 1245; *Mandel, supra,* 494 *F.* 2d at 367. A requirement that plaintiffs exhaust administrative remedies before filing section 1983 actions does not render the state remedy inadequate. *See Grace Brethren Church, supra,* 457 *U.S.* at 416 n. 35, 102 *S.Ct.* at 2512 n. 35, 73 *L.Ed.* 2d at 112 n. 35. Finally, a taxpayer's failure to resort to available state procedures does not render those procedures insufficient. *Burris v. City of Little Rock,* 941 *F.* 2d 717, 721 n. 4 (8th Cir.1991).

■ Here, the tax is an *ad valorem* real property tax administered by municipal officials. Although commonly described as a local property tax, the tax constitutes a state tax for purposes of determining the availability of section 1983 relief. *See New Jersey State League of Municipalities v. Kimmelman,* 105 *N.J.* 422, 429, 522 *A.*2d 430 (1987) (stating that "[a]ll taxes are state taxes even though levied for county or municipal purposes").

■ New Jersey law provides several opportunities for taxpayers to raise constitutional objections to an added assessment. A taxpayer may challenge the added assessment by appealing to the County Board of Taxation on or before December 1st of the year of the assessment. *N.J.S.A.* 54:4-63.11. The County Board must hear the appeal and render judgment within one month after the last day for filing such appeals. *Ibid.* If the taxpayer is still dissatisfied, he or she may appeal the Board's decision to the Tax Court within forty-five days of the Board judgment. *Ibid.* In the Tax Court, the taxpayer is entitled to a *de novo* hearing before a tax court judge with expertise in the field of real property valuation. *N.J.S.A.* 2B:13-3(b); *see Union City Associates v. City of Union City,* 115 *N.J.* 17, 23, 556 *A.*2d 769 (1989) (stating that Tax Court provides *de novo* review).

Even before the recent amendment to *N.J.S.A.* 2B:13-2, which expands Tax Court jurisdiction to hear any tax-related matters over which the Superior Court would have jurisdiction, the Tax Court could correct an unconstitutional assessment. *See, e.g., Township of West Milford v. Van Decker,* 120 *N.J.* 354, 576 *A.* 2d 881 (1990) (plaintiffs successfully challenged imposition of property tax on grounds tax violated their federal equal protection rights). In brief, a taxpayer may challenge the constitutionality of a state tax without proceeding under section 1983. *See Salorio v. Glaser,* 82 *N.J.* 482, 414 *A.*2d 943, *cert. denied,* 449 *U.S.* 874, 101 *S.Ct.* 215, 66 *L.Ed.*2d 94 (1980).

A taxpayer may appeal from the Tax Court to the Appellate Division. *N.J.S.A.* 2B:3-4. If the taxpayer succeeds at any level, the taxing district must refund the excess taxes plus five-percent

interest within sixty days of the final judgment. *N.J.S.A.* 54:3–27.2; *see Rosewell, supra,* 450 *U.S.* at 528, 101 *S.Ct.* at 1237, 67 *L.Ed.*2d at 483 (stating that refund without interest can be adequate to preclude federal court relief). Based on the Supreme Court's "minimal procedural criteria," *Rosewell, supra,* 450 *U.S.* at 512, 101 *S.Ct.* at 1229, 67 *L.Ed.*2d at 473, we believe that the remedies under New Jersey law are adequate to preclude section 1983 suits in either federal or state courts.

In characterizing GM's allegations as procedural, we recognize that GM alleges that defendants intentionally discriminated against it in violation of GM's substantive due process rights. GM's pending appeal in the Tax Court provides an adequate remedy for any alleged violation of its federal rights. In that proceeding, GM may also seek to introduce evidence to overcome the presumptive validity of the assessment. *Pantasote Co. v. City of Passaic,* 100 *N.J.* 408, 417, 495 *A.*2d 1308 (1985).

We need not reach the question whether discrimination, based on race, religion, gender, or the like, could constitute a violation of a taxpayer's constitutional rights. The issue is not before us. Suffice it to state that we do not read the decisions of the United States Supreme Court as legitimizing any form of invidious discrimination. Furthermore, the Law Against Discrimination, *N.J.S.A.* 10:5–1 to 5–42, assures New Jersey citizens protection against any such discrimination.

Although not essential to our decision, we note that important policy considerations also weigh in favor of precluding relief under section 1983 in state tax cases. First, the availability of section 1983 in state tax cases would permit taxpayers to circumvent the December deadline imposed by *N.J.S.A.* 54:4–63.11. As discussed above, the time permitted to file a tax appeal is shorter than other personal injury actions. The statute of limitations for personal injury claims based on negligence, including section 1983 claims, is two years. *See Wilson v. Garcia,* 471 *U.S.* 261, 105 *S.Ct.* 1938, 85 *L.Ed.*2d 254 (1985) (stating that statute of limitations for section

1983 actions is the state's statute of limitations for personal injury actions). As this Court has previously stated:

> "The policy of applying strict time limitations to tax matters is based upon the very nature of our administrative tax structure.... Throughout our tax legislation, it is clear that our legislature has attempted to set out a well organized time-table for the purpose of enabling a municipality to ascertain the amount of taxable ratables within the jurisdiction in order that it might adopt a responsible and fairly accurate budget."
>
> [*F.M.C. Stores Co. v. Borough of Morris Plains*, 100 *N.J.* 418, 425, 495 *A*.2d 1313 (quoting *Township of Galloway v. Petkevis*, 2 *N.J.Tax* 85 (1980)).]

To permit a longer statute of limitations in section 1983 tax cases would thwart the express intent of the Legislature and introduce uncertainty into the administration of the state tax laws. Additionally, allowing section 1983 actions in state tax cases would circumvent the statutory scheme, which requires that a taxpayer challenging an added assessment appeal first to the County Board pursuant to *N.J.S.A.* 54:4–63.11, then to the Tax Court, and, if necessary, to the Appellate Division. *See N.J.S.A.* 54:4–63.11; *R.* 2:2–3(a)(1).

Finally, the Director of the Division of Taxation, who certifies all municipal assessors, may suspend an assessor or revoke the assessor's certification "for dishonest practices, or willful or intentional failure, neglect or refusal to comply with the constitution and laws relating to the assessment and collection of taxes or other good cause." *N.J.S.A.* 54:1–35.29. Thus, a tax assessor who violates taxpayers' constitutional rights runs the risk of removal. In sum, ample reasons support the decision not to recognize a section 1983 action challenging the conduct of an assessor.

The judgment of the Appellate Division is reversed, and the matter is remanded to the Law Division for entry of a judgment of dismissal.

*For reversal and remandment*—Chief Justice WILENTZ and Justices HANDLER, O'HERN, GARIBALDI, STEIN, COLEMAN and POLLOCK—7.

*Opposed*—None.