CHARLES V. AND DIXIE L. FRANCIS ET AL., APPELLANTS, V.
CITY OF COLUMBUS, NEBRASKA, A MUNICIPAL CORPORATION,
AND BOARD OF EQUALIZATION OF THE CITY OF
COLUMBUS, NEBRASKA, APPELLEES.
676 N.W.2d 346

Filed March 12, 2004.    No. S-02-1003.

Lyle Joseph Koenig, of Koenig Law Firm, and William D. Sutter, Jr., of Stephens & Sutter, for appellants.

Dean Skokan for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellants own property in the City of Columbus, a city of the first class (City). After the City levied a special tax assessment for street improvements, the appellants filed a petition challenging the constitutionality of the special tax assessment. In their petition, the appellants sought relief under state law and 42 U.S.C. § 1983 (2000). The district court determined that state courts cannot entertain § 1983 claims challenging state or local taxes unless the state fails to provide an adequate legal remedy. After determining that state law provides an adequate legal remedy, the court entered summary judgment against the appellants on their § 1983 claims. We affirm.

## I. BACKGROUND

The City created Special Improvement District No. 135 (SID 135) by ordinance in 1992. The appellants claim that each of them own real property located within SID 135. When the construction was completed in 1999, the City assessed and levied the costs of the project.

Most of the appellants paid the first installment of the tax under protest. They then filed this action naming the City and the board of equalization for the City (Board) as defendants. The appellants alleged that the City and the Board had violated their due process and equal protection rights by (1) failing to give them proper notice of their right to challenge the creation of SID 135; (2) misrepresenting the costs of the construction project and thereby inducing them to refrain from objecting to the creation of SID 135; (3) assessing as part of the costs of the construction project repair work done to a county road; (4) accepting a bid that exceeded the amount that the City's engineers estimated the

construction would cost when the City created SID 135; (5) imposing a special tax assessment that exceeded in value the benefits conferred on the property; and (6) transforming a street that runs through SID 135 from a residential street into a "major collector street" and imposing the costs of the transformation on the appellants when in the past, such projects were paid for through general obligation bonds.

The appellants' petition sought injunctive and declaratory relief and compensatory and punitive damages under § 1983, as well as attorney fees under 42 U.S.C. § 1988(b) (Supp. V 1999). The trial court also construed the appellants' petition as seeking a refund under Neb. Rev. Stat. § 16-637 (Reissue 1997).

The City and the Board subsequently moved for summary judgment, claiming that the court lacked jurisdiction over the appellants' § 1983 claims and that concerning their § 16-637 claims, the appellants had failed to abide by the statute's timing requirements.

The court granted the City and the Board summary judgment against all of the appellants on their § 1983 claims. The court interpreted *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 115 S. Ct. 2351, 132 L. Ed. 2d 509 (1995), to mean that in cases challenging state and local taxes, state courts cannot grant federal relief under § 1983 when there is an adequate state legal remedy. The court noted that § 16-637 allows a taxpayer to bring a civil suit to recover any illegal, inequitable, or unjust special tax assessment that a taxpayer has paid under protest. Reasoning that this was an adequate state remedy, the court granted the City and the Board summary judgment on the appellants' § 1983 claims.

Concerning the appellants' § 16-637 claims, the court granted summary judgment for the City and the Board against some, but not all, of the appellants.

To preserve the right to bring a suit under § 16-637, a taxpayer must pay the tax, under protest, "before the same shall become delinquent." The court determined that a question of fact existed whether the tax became delinquent on June 21, 2000, or July 20, 2000. None of the appellants had paid the tax under protest by June 21, but some had paid under protest on or before July 20. The court granted summary judgment to the City and the Board

against those appellants who had not paid under protest on or before July 20. But the court allowed the § 16-637 claims of those appellants who had paid under protest on or before July 20 to proceed.

After the court granted summary judgment in part to the City and the Board, all of the appellants filed this appeal. The order was certified as required by Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2002).

## II. ASSIGNMENTS OF ERROR

The appellants assign, restated, that the court erred in concluding that (1) they could not maintain their § 1983 claims because an adequate state legal remedy existed and (2) some of the appellants had failed to preserve their right to bring a claim under § 16-637.

## III. STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Continental Cas. Co. v. Calinger*, 265 Neb. 557, 657 N.W.2d 925 (2003).

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## IV. ANALYSIS

### 1. § 1983 CLAIMS

#### (a) Limitations on § 1983 in State Tax Cases

The appellants seek damages and injunctive and declaratory relief under § 1983. "Generally speaking, section 1983 provides a cause of action in state or federal courts to redress federal constitutional and statutory violations by state officials." *General Motors Corp. v. City of Linden*, 143 N.J. 336, 341, 671 A.2d 560, 562 (1996). In its pertinent part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

However, the availability of § 1983 to challenge a state or local tax is limited. The Tax Injunction Act, 28 U.S.C. § 1341 (2000), prohibits federal courts from entertaining § 1983 claims that seek injunctive or declaratory relief from a state tax "where a plain, speedy and efficient remedy may be had in the courts of such State." See, e.g., *California v. Grace Brethren Church*, 457 U.S. 393, 102 S. Ct. 2498, 73 L. Ed. 2d 93 (1982); *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981). In addition to the limits placed on § 1983 by Congress, the U.S. Supreme Court has ruled that § 1983 must be read in light of the longstanding principle of federal noninterference in state tax systems. *Fair Assessment in Real Estate Assn. v. McNary*, 454 U.S. 100, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981) (Fair Assessment). Relying on this principle, the Court has held that federal courts cannot award damages in § 1983 claims challenging the administration of a state tax when the state provides a plain, adequate, and complete remedy. *Fair Assessment, supra.*

Following *Fair Assessment*, a divergence of opinion arose over whether state courts could grant relief in § 1983 claims challenging a state or local tax. Some courts ruled that the Tax Injunction Act and the U.S. Supreme Court's decision in *Fair Assessment* applied only to federal courts. See, e.g., *Kerr v. Waddell*, 183 Ariz. 1, 899 P.2d 162 (Ariz. App. 1994); *Murtagh v. County of Berks*, 535 Pa. 50, 634 A.2d 179 (1993). Other courts ruled that the principle of federal noninterference in state tax systems relied upon by the U.S. Supreme Court in *Fair Assessment* prohibited state courts from granting relief in a § 1983 claim, so long as the state offered an adequate remedy. See, e.g., *L.L. Bean, Inc. v. Bracey*, 817 S.W.2d 292 (Tenn. 1991); *Zizka v. Water Pollution Control Authority*, 195 Conn. 682, 490 A.2d 509 (1985).

The conflict was settled in *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 115 S. Ct. 2351, 132 L.

Ed. 2d 509 (1995). *National Private Truck Council, Inc.* involved an Oklahoma tax on motor carriers that were licensed in 25 other states. The petitioners had filed a § 1983 claim in Oklahoma state court, alleging that the tax violated the dormant Commerce Clause and the Privileges and Immunities Clause of U.S. Const. art. IV, § 2, cl. 1. The Oklahoma Supreme Court ruled that injunctive and declaratory relief was not available under § 1983 because state law offered an adequate legal remedy.

■ The U.S. Supreme Court affirmed. It held, "When a litigant seeks declaratory or injunctive relief against a state tax pursuant to § 1983 . . . state courts, like their federal counterparts, must refrain from granting federal relief under § 1983 when there is an adequate legal remedy." *National Private Truck Council, Inc.*, 515 U.S. at 592. In reaching this conclusion, the Court, as it did in *Fair Assessment*, relied upon the principle of federal noninterference in state tax systems.

*National Private Truck Council, Inc.* left open the question whether state courts could award damages in a § 1983 claim challenging the administration of a state or local tax. The issue was not before the Court because the defendants were a state agency and state officials acting in their official capacities. Earlier case law had established that damages are unavailable in a § 1983 claim against a state or a state official acting in his or her official capacity. See *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

■ Here, however, the appellants seek damages from a municipality. A plaintiff may seek damages in a § 1983 claim against a municipality. See *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, we must determine whether Nebraska courts may entertain a § 1983 claim for damages when the claim challenges the administration of a state or local tax by a municipality.

■ The lesson of both *National Private Truck Council, Inc.* and *Fair Assessment* is that § 1983 must be construed in light of the background principle of federal noninterference in state and local tax schemes. In *Fair Assessment*, the U.S. Supreme Court recognized that a § 1983 claim for damages offers as much chance for interference as a § 1983 claim for injunctive or declaratory relief. The Court explained:

The recovery of damages under the Civil Rights Act first requires a "declaration" or determination of the unconstitutionality of a state tax scheme that would halt its operation. And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim. We consider such interference to be contrary to "[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts." *Fair Assessment*, 454 U.S. at 115-16 (quoting *Matthews v. Rodgers*, 284 U.S. 521, 52 S. Ct. 217, 76 L. Ed. 447 (1932)). Although *Fair Assessment* was limited only to § 1983 claims in federal court, its concerns apply with equal force to § 1983 claims brought in state court. If such suits were allowed, litigants in state courts could use a federal remedy to grind to a halt state and local taxation schemes. We conclude that when a litigant seeks damages in a § 1983 claim challenging a state or local tax, Nebraska courts must refrain from granting such relief, so long as state law offers an adequate legal remedy. Accord, *Union Oil Co. of Cal. v. City of Los Angeles*, 79 Cal. App. 4th 383, 94 Cal. Rptr. 2d 81 (2000); *G.M.C. v. City and County of San Francisco*, 69 Cal. App. 4th 448, 81 Cal. Rptr. 2d 544 (1999); *Murtagh v. County of Berks*, 715 A.2d 548 (Pa. Commw. 1998); *Kerr v. Waddell*, 185 Ariz. 457, 916 P.2d 1173 (Ariz. App. 1996); *General Motors Corp. v. City of Linden*, 143 N.J. 336, 671 A.2d 560 (1996).

(b) Adequacy of Nebraska's Remedies

Because we have concluded that Nebraska courts cannot entertain a § 1983 claim challenging a state or local tax unless the state fails to provide an adequate legal remedy, the question becomes whether state law offers the appellants such a remedy. ▮ Courts measure the adequacy of a state remedy by procedural, not substantive criteria. *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981). Thus, the "state remedy need not be identical to section 1983 remedies. . . . It need not be the best remedy available . . . the most convenient remedy . . . or equal to or comparable with federal remedies." (Citations omitted.) *General Motors Corp.*, 143 N.J. at 348, 671

A.2d at 566. Rather, a state remedy is adequate if it provides the taxpayer with the opportunity for a " ' "full hearing and judicial determination" ' at which [he or] she may raise any and all constitutional objections to the tax." *Rosewell*, 450 U.S. at 515 n.19. See, also, *Kerr, supra*; *General Motors Corp., supra.*

■ Nebraska provides a taxpayer of a city of the first class at least two adequate methods for challenging a special tax assessment for street improvements. First, under § 16-637, a taxpayer can recover any part of a special tax that it believes to be illegal, inequitable, or unjust if it (1) pays the tax under protest before it becomes delinquent; (2) provides notice to the city treasurer that it intends to sue to recover the tax, giving enough detail to advise the city of the "exact nature" of the grievance; and (3) brings suit within 60 days of paying the tax and providing notice. A special tax assessment which violates the federal Constitution is illegal, and thus a claim that a special tax assessment violates the federal Constitution can be raised and adjudicated in § 16-637 claims. Further, that § 16-637 allows for only a refund and not injunctive or declaratory relief does not render it inadequate. *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 587, 115 S. Ct. 2351, 132 L. Ed. 2d 509 (1995) ("[a]s long as state law provides a ' "clear and certain remedy," ' . . . the States may determine whether to provide predeprivation process (*e.g.*, an injunction) or instead to afford postdeprivation relief (*e.g.*, a refund)"). Nor does the relatively short timeframe within which the taxpayer has to determine whether to protest the tax and file suit render § 16-637 inadequate. This is so because "individuals who wish to challenge the assessment of a state tax are immediately aware of the precise nature and amount of their injury on the date the assessment is rendered." *Jade Aircraft Sales, Inc. v. Crystal*, 236 Conn. 701, 709-10, 674 A.2d 834, 838 (1996).

■ In addition to the remedy provided by § 16-637, a taxpayer can challenge a special assessment for municipal improvements under Neb. Rev. Stat. §§ 19-2422, 19-2423, and 19-2425 (Reissue 1997). See *Reiser v. Hartzler*, 213 Neb. 802, 331 N.W.2d 523 (1983). Under these sections, an owner of real property who feels aggrieved by the levy of a special assessment made by any city of the first or second class or village may appeal to district

court the special assessment as to both validity and amount. See § 19-2422. The owner appealing the special assessment must (1) file a written notice of appeal with the city clerk within 10 days of the levy, (2) post a bond of $200, and (3) file a petition on appeal and transcript with the district court within 30 days of the levy of the special assessment. See §§ 19-2423 and 19-2425. Like with § 16-637, these statutes provide a taxpayer with a means by which his or her constitutional challenges to a special tax assessment can be fairly and fully adjudicated.

Thus, Nebraska offers at least two adequate remedies for raising federal constitutional challenges to a special tax assessment for street improvements in cities of the first class. As a result, the district court could not entertain the appellants' § 1983 claims. In addition, because an adequate state remedy exists, no attorney fees were available to the appellants under § 1988(b). See, *Union Oil Co. of Cal. v. City of Los Angeles*, 79 Cal. App. 4th 383, 94 Cal. Rptr. 2d 81 (2000); *New England Legal Foundation v. Boston*, 423 Mass. 602, 670 N.E.2d 152 (1996).

### 2. APPELLANTS' STATE CLAIMS

The trial court construed the appellants' petition as seeking a refund under § 16-637. However, the court dismissed some of the appellants' § 16-637 claims because of their failure to comply with the procedural requirements of § 16-637.

As a prerequisite to bringing suit for a refund under § 16-637, a party must pay the tax under protest before it becomes delinquent. The court determined that a question of fact existed whether the tax became delinquent on June 21, 2000, or July 20, 2000. None of the appellants had paid the tax under protest by June 21, but some had paid on or before July 20. The court granted summary judgment to the City and the Board against those appellants who had failed to pay on or before July 20. But for those appellants who had paid on or before July 20, the court allowed their § 16-637 claims to proceed.

The appellants against whom the court entered summary judgment do not challenge the court's determination that they failed to pay their taxes under protest by July 20, 2000. Rather, as we understand it, they argue that they were not required to comply with the procedural requirements of § 16-637 because they also

raised claims under § 1983. We disagree. Their § 16-637 claims for refunds were separate and distinct from their § 1983 claims, and thus, to recover under § 16-637, they were required to comply with its procedural prerequisites.

## V. CONCLUSION

The court correctly concluded that it could not entertain the appellants' § 1983 claims challenging the special tax assessment because state law offered them adequate legal remedies. The court also correctly concluded that it was undisputed that some of the appellants had failed to comply with the procedural requirements of § 16-637.

AFFIRMED.