KUSKIN, J.T.C.
Plaintiff, General Engines Company, Inc., appealed an assessment of corporation business tax imposed on it by defendant, Director of the New Jersey Division of Taxation (“Director”), pursuant to the New Jersey Corporation Business Tax Act, N.J.S.A 54:10A-1 to -41. The Director has moved to dismiss the Third Count of plaintiffs Complaint which seeks relief under 42 U.S.C.A. § 1988 (“§ 1983”) and § 1988 (“§ 1988”). For the reasons set forth below, I grant the motion.
The main allegation of plaintiffs complaint is that the so-called Throw Out Rule contained in N.J.S.A. 54:10A-6(B) is unconstitutional, either facially or as applied to plaintiff. Under this Rule, for purposes of calculating the sales fraction to be used in determining the amount of corporation business tax payable to New Jersey by a taxpayer that maintains a regular place of business outside this State, receipts that would be “assigned to a State ... of the United States ... in which the taxpayer is not subject to a tax on or measured by profits or income, or business presence or business activity, ... shall be excluded from the denominator of the sales fraction.” N.J.S.A. 54:10A-6(B).
Plaintiffs complaint also alleges that the amount of taxes in controversy, approximately $144,000, is less than the cost of litigating plaintiffs claims. Plaintiff asserts that, if it prevails, the maximum amount of legal fees which it could recover under N.J.S.A. 54:51A-22 would be $15,000. Consequently, plaintiff alleges that remedies provided by State law are inadequate because they do not permit the award of an amount of counsel fees similar to the amount that could be awarded under § 1988 if plaintiff is successful in obtaining relief under § 1983. The essence of plaintiffs argument is set forth in plaintiffs brief in opposition to the Director’s motion as follows:
*517 To take advantage of the state’s procedures, therefore, General Engines has been required to engage lawyers licensed in New Jersey with specialized backgrounds in tax and constitutional law. General Engines’ lawyers must be familiar with state and federal tax principles and must be familiar with constitutional law principles. No other lawyer could meet the ethically-required mandate to provide competent counsel to General Engines. Accordingly, as General Engines asserted m its amended complaint (which is true for purposes of this motion to dismiss), the cost of paying for attorneys’ fees for this litigation will exceed the amount in issue. (The legal fees related to General Engines’ case will exceed the amount in issue in this case ($144,068.65).) . Therefore without any provision for attorneys’ fees, it would be best for General Engines to not appeal at all. Even if General Engines were to prevail, it would have been better off conceding. (Footnotes omitted.)
Section 1983 provides in pertinent part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress....
[42 U.S.C.A. § 1983.]
Under § 1988, a court “may allow the prevailing party [in a § 1983 action] ... a reasonable attorney’s fee as part of the costs ....” 42 U.S.C.A. § 1988(b). Plaintiff is correct in its assertion that N.J.S.A 54:51A-22(a) imposes a $15,000 limit on the litigation costs that may be awarded to a “prevailing taxpayer.” The statute defines a “prevailing taxpayer” as “a taxpayer that establishes that the position of the State was without reasonable basis in fact or law.” N.J.S.A. 54:51A-22(e).
In General Motors Corp. v. City of Linden, 143 N.J. 336, 671 A.2d 560 (1996), our Supreme Court addressed the issue of the availability of § 1983 relief in tax matters. In that case, the plaintiff General Motors alleged that the defendant municipality, its tax assessor, and its appraisal expert had violated plaintiffs due process rights under § 1983 by imposing an excessive assessment on plaintiff’s automobile assembly plant. Id. at 339, 671 A.2d 560. In holding that the complaint should be dismissed, the Court relied on a decision of the United States Supreme Court in National Private Truck Council v. Oklahoma Tax Commission, 515 U.S. 582, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995). The Supreme Court of New Jersey described the holding of National Private Truck Council as precluding state courts from providing *518 § 1983 relief “if state law provides an adequate remedy for relief from unconstitutional tax assessments.” Id. at 340, 671 A.2d 560. The Court concluded that “New Jersey’s system provides such a remedy.” Ibid. The Court described the bases for its rulings as follows:
To be adequate, a state remedy need only satisfy "minimum procedural criteria.” Courts measure the adequacy of a state remedy by procedural, not substantive, criteria. Further, courts should construe narrowly the exception to the requirements of an adequate remedy.
Concerning the exercise of the power to tax, “the States are afforded great flexibility in satisfying- the requirements of due process.” A state remedy need not be identical to section 1983 remedies. It need not be the best remedy available, the most convenient remedy, or equal to or comparable with federal remedies. [Id. at 346-48, 671 A.2d 560 (citations omitted).]
Our Supreme Court noted that the constitutional claims asserted by General Motors could be heard by the Tax Court which could “correct an unconstitutional assessment.” Id. at 349, 671 A.2d 560. Thereafter, the taxpayer could appeal to the Appellate Division, and, if successful, the taxpayer would be entitled to a refund with interest at the statutory rate. Id. at 349-50, 671 A.2d 560.
All of the principles articulated by our Supreme Court in General Motors Corp. v. Linden are applicable to the § 1983 claim asserted by plaintiff in this matter. Plaintiff complains that the Division of Taxation would not address its contentions as to the unconstitutionality of the Throw Out Rule, but the Division, as an administrative agency, has neither the responsibility, the authority, nor the jurisdiction to declare statutes unconstitutional. It is the responsibility of the Division to enforce the law as enacted. It is the responsibility of the courts to rule on constitutional challenges to a statute. See Abbott v. Burke, 100 N.J. 269, 298-99, 495 A.2d 376 (1985) (“although an agency may base its decision on constitutional considerations, such legal determinations do not receive even a presumption of correctness on appellate review”); Borough of Matawan v. Monmouth County Bd. of Taxation, 51 N.J. 291, 297, 240 A.2d 8 (1968) (“ ‘the interpretation of a statute and a constitutional question [are] matters for which the courts *519 are uniquely suited’ ”). Cf. Johnson v. Robison, 415 U.S. 361, 368, 94 S.Ct. 1160, 1166, 39 L.Ed.2d 389, 398 (1974) (“adjudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies” (citations omitted)).
Here, plaintiff has asseited its constitutional challenge in the Tax Court. If it is dissatisfied with the Tax Court’s ruling, it may appeal to the Appellate Division, and then either may have the right to appeal to the Supreme Court or may seek certification from the Court. These procedural remedies are the same as those described in General Motors v. Linden, although there the context was a challenge to a local property tax assessment, not to an assessment of corporation business tax. The difference in the nature of the taxes does not result in a difference in the procedures available to plaintiff to assert its constitutional challenges. Cf. Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952) and Atlantic City Transp. Co. v. Dir., Div. of Taxation, 12 N.J. 130, 146, 95 A.2d 895 (1953) (holding, respectively, that the presumption of correctness of tax assessments applies to local property tax assessments and to state tax assessments); Yilmaz, Inc,, v. Dir., Div. of Taxation, 22 N.J.Tax, 204, 236 (Tax 2005), aff'd, 23 N.J.Tax 361 (App.Div.2007) (holding that the standard of proof required to rebut the presumption of correctness is the same for appeals of local property tax assessments and state tax assessments). Consequently, the holding in General Motors v. Linden is conclusive as to plaintiffs § 1983 and § 1988 claims.
Plaintiff has elected to challenge an assessment of corporation business tax imposed by the defendant Director. It also has elected to engage Reed Smith LLP as its attorneys. Plaintiffs choice of this law firm to represent it was well within plaintiffs rights and is not a basis for criticism. However, that Reed Smith’s fees may exceed the amount of tax in issue does not render inadequate the remedies provided by New Jersey for an allegedly unconstitutional tax assessment. The availability of § 1983 relief should not be, and is not, a function of the hourly rate charged by a taxpayer’s attorneys.
*520 For the foregoing reasons, the Director’s motion to dismiss the Third Count of plaintiffs Complaint is granted.