**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4375-18T3

CHABAD OF OLD TAPPAN,
INC.

    Plaintiff-Appellant,

v.

BOROUGH OF OLD TAPPAN,

    Defendant-Respondent.

_____

Submitted March 26, 2020 – Decided April 27, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8946-18.

Morton R. Covitz, attorney for appellant.

Jacobs and Bell, PA, attorneys for respondent (Allen M. Bell, on the brief).

PER CURIAM

Plaintiff Chabad of Old Tappan, Inc. (Chabad) appeals from the May 10, 2019 order of the Law Division denying its motion for attorney's fees and costs. We affirm.

I.

The following facts are derived from the record. Chabad, a non-profit religious organization, owns a single-family residential property in defendant Borough of Old Tappan. Chabad applied for an exemption from local property tax for tax year 2017 for its property, claiming it is used as a parsonage for the officiating clergyman of Chabad's congregation as defined by N.J.S.A. 54:4-3.6. The home is occupied by Rabbi Menachen M. Lewis, the appointed rabbi and president of Chabad.

Chabad's congregation meets in space it leases in a non-exempt commercial building in Old Tappan. Several years before applying for the parsonage exemption, Chabad applied to the zoning officer for occupancy approval for the rented commercial space. The zoning officer denied the application on the basis that Chabad intended to use the space as a house of worship, a use not permitted in the zone. At a Planning Board hearing after Chabad appealed the zoning officer's decision, Rabbi Lewis testified that Chabad "is not a church, synagogue or house of worship, but rather a 'fraternal

outreach organization' engaging in educational, counseling and related community activities." Based in part on Rabbi Lewis's testimony, the Planning Board found Chabad's use of the rented property was permissible because it "does not satisfy the criteria for being characterized as a house of worship."

At the time that Chabad applied for an exemption for Rabbi Lewis's residence, the Tax Assessor's Handbook issued by the Division of Taxation provided that the parsonage exemption is a derivative exemption that must be connected to an exempt house of worship. The Old Tappan tax assessor denied Chabad's application, finding the residential property did not qualify as a parsonage because the building in which Chabad claimed to operate a house of worship was not exempt. At the time he denied the application, the assessor was not aware of Rabbi Lewis's testimony before the Planning Board. The assessor subsequently certified that when he became aware of Rabbi Lewis's testimony and the Planning Board's decision, those factors became additional bases for denying the parsonage exemption.

Chabad appealed the assessor's decision to the Bergen County Board of Taxation (CBT). The CBT issued a judgment affirming the denial of the exemption.

Chabad thereafter initiated this action through the filing of a complaint in the Tax Court. In addition to alleging its residential property qualifies for the parsonage exemption, Chabad alleged the assessor's denial of the exemption violated Chabad's religious freedom under the federal and state constitutions and constituted an act of discrimination under "the anti-discrimination provisions" of unspecified federal and state statutes. Chabad alleged it is entitled to an award of attorney's fees and costs as a result of the violation of its civil rights.

Following trial, Tax Court Presiding Judge Joseph M. Andresini issued a comprehensive written opinion in which he concluded Chabad's property qualified for the parsonage exemption for tax year 2017. Judge Andresini found that while Chabad does not maintain a synagogue in the rented space, it has a congregation that participates in scheduled assemblages for prayer services and community activities at that property, over which Rabbi Lewis officiates. In addition, the court noted that after the assessor denied Chabad's application, the Tax Court issued its opinion in Congregation Chateau Park Sefard v. Township of Lakewood, 30 N.J. Tax 225, 237-38 (Tax 2017), holding the parsonage exemption is available to any congregation who "worship and exercise their religion in New Jersey, regardless of the tax exempt status of any building in which they may gather." Adopting the holding in Congregation Chateau Park

<u>Sefard</u> and noting our holding in <u>Society of the Holy Child Jesus v. City of Summit</u>, 418 N.J. Super. 365 (App. Div. 2011), that a zoning violation cannot be used to strip a property tax exemption granted by N.J.S.A. 54:4-3.6, Judge Andresini concluded Chabad's property qualified as a parsonage. As a result, the assessor listed the property as exempt and refunded Chabad $23,915.13 in local property taxes it paid on the property for tax years 2017 and 2018. <u>See</u> N.J.S.A. 54:3-27.2 (providing a taxpayer who successfully appeals local property tax assessment is entitled to a refund of excess taxes paid).

Chabad subsequently moved for an award of attorney's fees and costs on the theory defendant violated Chabad's civil rights by denying the parsonage exemption. Judge Andresini, having determined Chabad's application was outside the statutory jurisdiction of the Tax Court, <u>see</u> N.J.S.A. 2B:13-2, transferred the matter to the Law Division.

Judge Christine A. Farrington issued a written opinion denying Chabad's application. Judge Farrington held Chabad's claim for attorney's fees and costs under 42 U.S.C. § 1983 was barred by the holding in <u>General Motors Corporation v. City of Linden</u>, 143 N.J. 336, 349-50 (1996). In that case, the Court held a taxpayer is precluded from asserting discrimination claims against a municipality and its officials under federal law arising from the assessment

and taxation of real property because New Jersey law provides an adequate legal remedy for aggrieved taxpayers. Ibid.

Judge Farrington analyzed Chabad's state law claim for attorney's fees and costs under N.J.S.A. 10:6-2(e) and (f), provisions of the New Jersey Civil Rights Act, which authorize the award of attorney's fees and costs against a person who "deprives, interferes or attempts to interfere" with the "substantive due process or equal protection rights, privilege or immunities" of any person under the federal or state constitutions or laws. The court concluded Chabad did not establish the denial of a substantive legal right under either the federal or state constitutions or laws. As Judge Farrington observed,

> [n]owhere in Judge Andresini's opinion is it suggested that plaintiff claimed or in fact endured the violation of a substantive right. The Chabad has continued to operate during the litigation. As a result of Judge Andresini's decision the Chabad will recoup any tax payments it made which are contrary to his determination.

The court entered a May 10, 2019 order denying Chabad's application.

This appeal followed. Chabad raises the following arguments for our consideration:

POINT ONE

THE ACTIONS OF THE BOROUGH ASSESSOR IN DENYING THE TAX EXEMPTION VIOLATED THE

6

RELIGIOUS SUBSTANTIVE CIVIL RIGHTS
GRANTED TO THE PLAINTIFF.

POINT TWO

CONTRARY TO THE DECISION OF THE LAW
DIVISION BELOW, PURSUANT [TO] THE
PROVISIONS OF THE NEW JERSEY CIVIL
RIGHTS ACT, N.J.S.A. 10:6-2, DEFENDANT'S
VIOLATION OF THE RIGHTS OF PLAINTIFF TO
THE RELIGIOUS TAX EXEMPTION FOR ITS
PARSONAGE IS A SUBSTANTIVE RELIGIOUS
CIVIL RIGHT, GRANTS [SIC] TO PLAINTIFF THE
RIGHTS TO PAYMENT OF PLAINTIFF'S
ATTORNEY[']S FEES AND LITIGATION COSTS.

II.

Although New Jersey generally disfavors the shifting of attorney's fees, a prevailing party may recover attorney's fees if expressly provided by statute, court rule, or contract. Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 440 (2001) (citing North Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 569 (1999) and Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 504 (1983)). Rule 4:42-9(a)(8) permits the award of attorney's fees "[i]n all cases where attorney's fees are permitted by statute."

No statute authorizes the award of attorney's fees and costs to a successful property owner in a local property tax appeal. N.J.S.A. 54:51A-22(a), a provision of the State Uniform Tax Procedure Law (SUTPL), N.J.S.A. 54:48-1

to 54-6, authorizes an award of attorney's fees and costs, not to exceed $15,000, to "[a] prevailing taxpayer in a court proceeding in connection with the determination, collection or refund of any tax . . . ." SUTPL, however, applies only to state taxes, N.J.S.A. 54:48-4, which is defined as a tax "payable to or collectible by" the "Director of the Division of Taxation." N.J.S.A. 54:48-2. This limitation is incorporated in N.J.S.A. 54:51A-22(e), which defines "prevailing taxpayer" as "a taxpayer that establishes that the position of the State was without reasonable basis in fact or law."

Chabad's application for attorney's fees and costs relies on 42 U.S.C. § 1983 and N.J.S.A. 10:6-2. Having carefully reviewed the record and the precedents interpreting those statutes, we affirm the Law Division's May 10, 2019 order. As Judge Farrington correctly concluded, Chabad's claim for relief under 42 U.S.C. § 1983 is barred by the holding in General Motors. Chabad successfully exercised its adequate state law remedies to challenge the denial of its parsonage exemption application. It has secured the refund of all local property taxes it paid on Rabbi Lewis's residence.

In addition, there is ample support in the record for the trial court's finding that Chabad did not establish a denial by defendant of its substantive rights under the federal or state constitutions or laws. Chabad's exemption claim concerned

Rabbi Lewis's residence, not the location at which Chabad held services. There is no evidence in the record Chabad was in any way inhibited in conducting religious activities at the property it rented for those purposes. In addition, the record belies a claim of intentional discrimination by the tax assessor. It was entirely reasonable for the assessor in the exercise of his official duties to rely on the Tax Assessor's Handbook, issued before the holding in Congregation Chateau Park Sefard, which expressly stated that a parsonage exemption was derivative of an exempt house of worship. Moreover, the obvious inconsistency between Rabbi Lewis's testimony before the Planning Board that Chabad did not operate a house of worship at the rented property and Chabad's application stating that it did was certainly a legitimate basis on which to rely in defending the assessor's decision. The record reflects a routine dispute over the denial of a local property tax exemption, not an interference with religious liberty.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION