JADE AIRCRAFT SALES, INC. *v.* ALLAN A. CRYSTAL,
COMMISSIONER OF REVENUE SERVICES, ET AL.
(15131)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued January 16—officially released April 23, 1996

*Gary A. Mastronardi*, for the appellant (plaintiff).

*Rachel O. Davis,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellees (defendants).

BERDON, J. The sole issue presented in this appeal is whether the Superior Court has subject matter jurisdiction to hear a claim brought under 42 U.S.C. § 1983[1] challenging a use tax assessed against the plaintiff, Jade Aircraft Sales, Inc. On or about May 1, 1991, the named defendant, the commissioner of revenue services (commissioner), pursuant to General Statutes § 12-411, assessed a use tax against the plaintiff with respect to the in-state use of an airplane that had been purchased out-of-state. The plaintiff filed a letter of protest in which it requested an agency hearing. The plaintiff's request was granted and, on November 5, 1992, the commissioner upheld the assessment. On November 20, 1992, pursuant to General Statutes § 12-422,[2] the

---

[1] Title 42 of the United States Code, § 1983 (1988), provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

[2] General Statutes § 12-422 provides: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain, which shall be accompanied by a citation to the commissioner of revenue services to appear before said court. Such citation shall be signed by the same authority, and such appeal shall be returnable at the same time and served and returned in the same manner, as is required in case of a summons in a civil action. The authority issuing the citation shall take from the appellant a bond or recognizance to the state of Connecticut, with surety to prosecute the appeal to effect and to comply with the orders and decrees of the court in the premises. Such appeals shall be preferred cases, to be heard, unless cause appears to the contrary, at the first session, by the court or by a committee

plaintiff appealed from the commissioner's decision, alleging that the assessment was contrary to statutory law and that it violated the plaintiff's constitutional rights. Although the appeal was taken within the statutory one month period, on January 3, 1994, the trial court dismissed the appeal for lack of subject matter jurisdiction on the ground that the plaintiff failed to serve properly the commissioner in the manner prescribed by § 12-422. *Jade Aircraft Sales, Inc.* v. *Crystal*, 43 Conn. Sup. 10, 673 A.2d 415 (1994). The plaintiff did not appeal from that judgment.

Several months later, the plaintiff brought the present action consisting of two counts. In the first count, the plaintiff essentially renewed its claim from the prior action, that is, pursuant to § 12-422, the commissioner's use tax assessment was improper because it allegedly violated a variety of statutory and constitutional provisions. The plaintiff relied on the accidental failure of suit statute; General Statutes § 52-592 (a); in an effort to extend the statutory period within which it could renew its claim. The second count alleged that the commissioner's tax assessment had deprived the plaintiff of its federal constitutional rights under the due process clauses of the fifth and fourteenth amendments, as well as its rights under the commerce clause in violation of 42 U.S.C. § 1983. On the second count, the plaintiff sought declaratory and injunctive relief. Additionally, the plaintiff sought attorney's fees under 42 U.S.C. § 1988.[3]

appointed by it. Said court may grant such relief as may be equitable and, if such tax has been paid prior to the granting of such relief, may order the treasurer to pay the amount of such relief, with interest at the rate of nine per cent per annum, to the aggrieved taxpayer. If the appeal has been taken without probable cause, the court may tax double or triple costs, as the case demands; and, upon all such appeals which are denied, costs may be taxed against the appellant at the discretion of the court, but no costs shall be taxed against the state."

[3] Title 42 of the United States Code, § 1988 (b) (1988), provides in pertinent part: "In any action or proceeding to enforce a provision of [section] . . .

The trial court dismissed both counts of the plaintiff's second complaint for lack of subject matter jurisdiction. The plaintiff, pursuing only the § 1983 claim, appealed to this court from the judgment of the trial court. The plaintiff's appeal was stayed pending the United States Supreme Court's decision in *National Private Truck Council, Inc.* v. *Oklahoma Tax Commission,* U.S. , 115 S. Ct. 2351, 132 L. Ed. 2d 509 (1995), after which both parties submitted supplemental briefs regarding the impact of that court's decision on this case.[4] We affirm the judgment of dismissal by the trial court.[5]

---

1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[4] We raised, sua sponte, the issue of whether appropriate notice was given to interested parties pursuant to Practice Book § 390 (d). Because the only issue before us is whether the trial court has jurisdiction to entertain a § 1983 action wherein the plaintiff challenges a state tax assessment, we are persuaded that the requirements of § 390 (d) have been satisfied. See *Steeneck* v. *University of Bridgeport,* 235 Conn. 572, 580, 668 A.2d 688 (1995); *Zizka* v. *Water Pollution Control Authority,* 195 Conn. 682, 490 A.2d 509 (1985).

[5] Although we agree with the judgment of dismissal in this case, we disagree with the trial court's reasoning. In dismissing the plaintiff's § 1983 claim, the trial court relied heavily on its opinion in *Pechiney Corp.* v. *Crystal,* 43 Conn. Sup. 91, 643 A.2d 319 (1994). In *Pechiney Corp.,* the plaintiffs "filed an appeal from a decision of the commissioner . . . pursuant to General Statutes § 12-237. . . . [The plaintiffs contended] that the commissioner's action, in addition to being statutorily erroneous, violated a number of provisions of the state and federal constitutions, including the commerce, due process and equal protection clauses. . . . Each final count allege[d] that the commissioner acted under color of state law and that his actions violated 42 U.S.C. § 1983 by depriving the [plaintiff] taxpayers of rights, privileges and immunities secured by the constitution of the United States. In their prayers for relief, the [plaintiffs] ask[ed] that the assessments be set aside, that attorney's fees be awarded, and that [the] court grant them such other relief as may be proper and equitable." Id., 92. In an effort to distinguish this court's opinion in *Zizka* v. *Water Pollution Control Authority,* 195 Conn. 682, 490 A.2d 509 (1985), the trial court in *Pechiney Corp.* held that a § 1983 action may be brought in state court to challenge a state tax only if it is "appended" to a state tax appeal. *Pechiney Corp.* v. *Crystal,* supra, 100. To the extent that *Pechiney Corp.* held that the trial court has jurisdiction over a § 1983 claim wherein the plaintiff challenges

The question presented in this appeal is controlled by our decision in *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 490 A.2d 509 (1985), and by the United States Supreme Court's decision in *National Private Truck Council, Inc.* v. *Oklahoma Tax Commission*, supra, 115 S. Ct. 2351. In *Zizka*, "[t]he plaintiffs brought an action in the Superior Court seeking a judgment declaring that the formula utilized by [the defendants] for a sewer assessment violated the plaintiffs' rights to equal protection and due process of law under the federal constitution. They alleged that such violations were actionable under 42 U.S.C. § 1983 . . . and also claimed compensatory and punitive damages, injunctive relief and attorney's fees."[6] *Zizka* v. *Water Pollution Control Authority*, supra, 682–83. The court in *Zizka* commenced its analysis by recognizing that "[s]tate courts have concurrent jurisdiction with federal courts over § 1983 claims. *Maine* v. *Thiboutot*, 448 U.S. 1, 3 n.1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980); *Fetterman* v. *University of Connecticut*, 192 Conn. 539, 549, 473 A.2d 1176 (1984). The scope of a § 1983 action in state court [however] depends in part upon the nature of the relief that is sought." *Zizka* v. *Water Pollution Control Authority*, supra, 687–88. The plaintiffs' § 1983 claim was then examined in light of the remedies sought.

This court concluded in *Zizka* that the plaintiffs' § 1983 claim for injunctive relief would be barred "if they had an adequate remedy at law." Id., 688. The court noted that General Statutes § 7-250[7] provided the

---

a state tax assessment when the remedy at law is adequate, that case is overruled.

[6] The court held: "The state action that the plaintiffs challenge falls within the rubric of a state tax. A sewer assessment, although not formally denominated a 'tax,' involves the taxing power of the state." *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 689.

[7] General Statutes § 7-250 provides: "No assessment shall be made until after a public hearing before the water pollution control authority at which the owner of the property to be assessed shall have an opportunity to be

plaintiffs with a public hearing at which their opposition to the proposed assessment could be heard and with a right to appeal the assessment to the Superior Court within twenty-one days of the assessment being filed with a municipal clerk. Id. "[I]n light of the remedial relief provided under § 7-250," the court concluded that § 7-250 provided an adequate remedy. Id.

The court in *Zizka* reviewed the plaintiffs' § 1983 claims for declaratory and monetary relief in light of the Federal Anti-Injunction Act; 28 U.S.C. § 1341 (1988); which provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection

---

heard concerning the proposed assessment. Notice of the time, place and purpose of such hearing shall be published at least ten days before the date thereof in a newspaper having a general circulation in the municipality, and a copy of such notice shall be mailed to the owner of any property to be affected thereby at such owner's address as shown in the last-completed grand list of the municipality or at any later address of which the water pollution control authority may have knowledge. A copy of the proposed assessment shall be on file in the office of the clerk of the municipality and available for inspection by the public for at least ten days before the date of such hearing. When the water pollution control authority has determined the amount of the assessment to be levied, it shall file a copy thereof in the office of the clerk of the municipality. Not later than five days after such filing, it shall cause a copy of such assessment to be published in a newspaper having a general circulation in the municipality, and it shall mail a copy of such assessment to the owner of any property to be affected thereby at such owner's address as shown in the last-completed grand list of the municipality or at any later address of which the water pollution control authority may have knowledge. Such publication and mailing shall state the date on which such assessment was filed and that any appeals from such assessment must be taken within twenty-one days after such filing. Any person aggrieved by any assessment may appeal to the superior court for the judicial district wherein the property is located and shall bring any such appeal to a return day of said court not less than twelve nor more than thirty days after service thereof and such appeal shall be privileged in respect to its assignment for trial. Said court may appoint a state referee to appraise the benefits to such property and to make a report of his doings to the court. The judgment of said court, either confirming or altering such assessment, shall be final. No such appeal shall stay proceedings for the collection of the particular assessment upon which the appeal is predicated but the appellant shall be reimbursed for any overpayments made if, as a result of such appeal, his assessment is reduced."

of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." As the court noted, § 1341 creates a jurisdictional barrier "for federal courts when there is a plain, speedy and efficient remedy in the state courts . . . . The extent to which § 1341 bars actions in state courts is less well defined. . . . Section 1341 is rooted in principles of federalism. It reflects the policy that federal courts should not interfere with the collection of state taxes. The logical implication from federalism is that state courts should themselves determine the adequacy of state remedies for claims contesting state taxes. Although § 1341 does not operate as a jurisdictional barrier in state courts, it nonetheless points the way to the proper standard by which state tax challenges should be measured. In a § 1983 suit seeking relief from the collection of state taxes, [this court] may impose limitations that, like those of § 1341, inquire into whether the claimants have been afforded a statutory remedy that is plain, speedy and efficient." (Citations omitted; internal quotation marks omitted.) *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 689–90. The court concluded "that § 7-250 furnishes a remedy that forecloses the plaintiffs' § 1983 claims in this action in state court. Since the General Assembly has fashioned an exclusive adequate remedial system for challenging excessive sewer assessments . . . we see no need to subject state tax collectors to state actions brought under § 1983. . . . The bringing of a § 1983 action under these circumstances raises a jurisdictional question. . . . The trial court was, therefore, correct in concluding that it lacked jurisdiction to entertain the present law suit." (Citations omitted.) Id., 690. Accordingly, *Zizka* stands for the proposition that if an adequate remedy exists at law for challenging a state tax assessment, state courts do not have jurisdiction to entertain such a challenge under § 1983.

Recently, recognizing that there was conflict among the state courts, the United States Supreme Court granted certiorari in *National Private Truck Council, Inc.* v. *Oklahoma Tax Commission*, supra, 115 S. Ct. 2354, to determine whether, in tax cases, state courts have jurisdiction under § 1983 when there is an adequate state remedy. Indeed, the United States Supreme Court referred to Connecticut, by citing to this court's decision in *Zizka*, as a jurisdiction that holds that "[s]tates need not provide [a] § 1983 remedy in state tax cases" if an adequate remedy is provided for in state law. Id., 2354 n.3. With an analysis that paralleled the analysis this court had set forth in *Zizka*, the United States Supreme Court held that "[w]hen a litigant seeks declaratory or injunctive relief against a state tax pursuant to § 1983 . . . state courts, like their federal counterparts, *must refrain* from granting federal relief under § 1983 when there is *an adequate legal remedy*."[8] (Emphasis added.) Id., 2357. Accordingly, in the present case, unless the state remedy is inadequate, the trial court was correct in dismissing the action.[9]

We must, therefore, determine in this case whether there was an adequate legal remedy available to the plaintiff. Section 12-422 affords aggrieved taxpayers the right to appeal an order, decision, determination or disallowance of the commissioner to the Superior Court within one month after they have been served with notice of such an order. The plaintiff argues that § 12-422 does not provide an adequate remedy for two reasons: (1) it does not provide for awards of monetary damages or attorney's fees; and (2) it provides only one

[8] Although the United States Supreme Court assumed, without deciding, that "state courts generally must hear § 1983 suits"; *National Private Truck Council, Inc.* v. *Oklahoma Tax Commission*, supra, 115 S. Ct. 2355; the court's holding controls those situations where state law provides an adequate legal remedy for litigants who seek relief pursuant to § 1983 as a result of a tax assessment.

[9] See footnote 5.

month within which a tax assessment may be appealed. We are not persuaded by either assertion.

First, in addition to legal relief, § 12-422 explicitly provides for "such relief as may be equitable," including interest. Section 12-422 does not, however, provide for the recovery of attorney's fees. Nonetheless, the plaintiff fails to cite any statutory or common law authority for its claim that the availability of attorney's fees is a requisite for a remedy to be deemed adequate. To the contrary, in *Zizka*, this court held that § 7-250 provides an adequate remedy for challenging state taxes despite the unavailability of attorney's fees. *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 683. Likewise, in *National Private Truck Council, Inc.* v. *Oklahoma Tax Commission*, supra, 115 S. Ct. 2351, the United States Supreme Court considered the relief provided to be adequate despite the fact that attorney's fees were not awarded. Similarly, § 12-422, which provides both legal and equitable relief, affords a successful tax appellant an adequate remedy, despite the inability of the appellant to recover attorney's fees.

Second, the plaintiff argues that § 12-422 does not provide an adequate remedy because a tax appeal must be brought within one month of the date of the adverse administrative decision. In support of its argument, the plaintiff cites the United States Supreme Court's decision in *Felder* v. *Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988). In *Felder*, the court struck down a state notice-of-claim statute that truncated the period of time within which a tort action brought under § 1983 could be filed. *Felder*, however, does not support the plaintiff's assertion. A tax appeal is not akin to an action in tort, which was the subject of the litigation in *Felder*. Unlike a tort action, where the plaintiff may be unaware of the existence or extent of his or her injury within one month of the commission of the tort, individuals who wish to challenge the assessment of a

state tax are immediately aware of the precise nature and amount of their injury on the date the assessment is rendered. In this case, there is no claim that the plaintiff was not given timely notice. But for the plaintiff's failure to satisfy the jurisdictional requirements of service, the plaintiff would have been able to challenge the assessment in the Superior Court. Therefore, the period of one month in which a tax appeal must be filed pursuant to § 12-422 is adequate. Moreover, this conclusion follows from this court's decision in *Zizka*, where a twenty-one day appeal period was deemed to be adequate. *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 688.

Because the plaintiff had an opportunity to receive an adequate legal remedy, we conclude that the trial court did not have jurisdiction to entertain the § 1983 claim.

The judgment is affirmed.

In this opinion the other justices concurred.