J.P. ALEXANDRE, LLC, ET AL. *v.* LOUIS O. EGBUNA ET AL.
(AC 33475)

DiPentima, C. J., and Bear and West, Js.

Argued April 17—officially released August 7, 2012

*Thomas A. Amato*, for the appellants (plaintiffs).

*Kirsten S. P. Rigney*, assistant attorney general, with whom were *Robert W. Clark*, special counsel, and, on the brief, *George Jepsen*, attorney general, for the appellees (defendants).

DiPENTIMA, C. J. The plaintiffs, Yvon J. Alexand (Alexandre) and J.P. Alexandre, LLC (LLC), appeal frc the summary judgment rendered by the trial court favor of the defendants, Louis O. Egbuna and Pa Greenfield. On appeal, the plaintiffs claim that the cou improperly concluded that (1) it lacked subject matt jurisdiction over the LLC's federal constitutional claims arising under 42 U.S.C. § 1983[1] and (2) the Connecticut Taxpayer's Bill of Rights, General Statutes § 12-39n, afforded no relief to the LLC.[2] We agree with the court that it lacked subject matter jurisdiction over the plaintiffs' claims, but we conclude that it should have rendered a judgment of dismissal rather than summary judgment. Accordingly, we reverse the judgment of the trial court and remand the case with direction to render a judgment of dismissal.

The record reveals the following relevant facts as alleged in the operative complaint and set forth by the court in its memorandum of decision and procedural history. Alexandre does business as and is the sole owner of the LLC, an entity that owns and operates a restaurant and nightclub in Hartford. The plaintiffs kept permanent records of their sale of food and alcohol items on "Z-reports," which are printed summaries of

---

[1] Title 42 of the United States Code, § 1983, provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[2] The plaintiffs also claim that the court erroneously determined that (1) no genuine issue of material fact existed with respect to their claims that the defendants violated their rights to substantive due process under the fourteenth amendment to the United States constitution and (2) the defendants were shielded by the doctrine of qualified immunity from their substantive due process claims. We do not address these claims because we agree with the court that it lacked subject matter jurisdiction.

daily cash transactions, rather than printouts of original cash register receipts. At all relevant times, Alexandre filed quarterly state sales and use tax returns for the LLC with the department of revenue services (department). In December, 2001, Egbuna, a revenue examiner with the department, advised Alexandre that the department intended to perform an audit of the LLC's sales and use tax obligations. On or about August 8, 2005, Egbuna released his final sales and use tax audit report, which covered the period from October, 1999, through March 31, 2005. The final report showed a tax deficiency of $155,536.77, plus interest of $60,322.74 and penalties, including a 25 percent fraud penalty of $38,884.26, for a total assessment of $256,743.77.[3]

In August, 2005, after a hearing was held at the department, the tax assessment was affirmed. The plaintiffs filed an official protest of the assessment and requested a formal hearing. On December 13, 2005, the department recorded tax liens on the LLC's property and on Alexandre's personal property, which were authorized by Greenfield, the tax unit manager for the audit division. On December 27, 2005, before a hearing was scheduled on the official protest of the assessment, the department

---

[3] The final report did not state that the assessment was a jeopardy assessment. The court noted, however, that the tax deficiency assessment was billed as a jeopardy assessment pursuant to General Statutes § 12-417, which provides in relevant part: "(1) . . . If the commissioner believes that the collection of any tax or any amount of tax required to be collected and paid to the state or of any assessment will be jeopardized by delay, the commissioner shall make an assessment of the tax or amount of tax required to be collected, noting that fact upon the assessment and serving written notice thereof . . . . (2) . . . The amount assessed is due and payable no later than the tenth day after service of the notice of assessment, unless on or before such tenth day the person against whom such assessment is made has obtained a stay of collection, as provided in subdivision (3) of this section. To the extent that collection has not been stayed, the commissioner may enforce collection of such tax by using the method provided in section 12-35 or by using any other method provided for in the general statutes relating to the enforced collection of taxes . . . ."

served the plaintiffs with a tax warrant. According to the complaint, following service of the warrant by a state marshal, the marshal began to harass Alexandre, demanding full payment of the deficiency assessment plus a marshal's fee of $15,777.92.

In October, 2006, the department's appellate division remanded Alexandre's appeal of the tax deficiency assessment to the examination division for reconsideration. On reconsideration, the original deficiency amount of $155,536.77 was decreased to $94,690.22 and the 25 percent intent to evade penalty was decreased to a negligence penalty of 15 percent. Alexandre appealed the department's final tax deficiency assessment to the Superior Court pursuant to General Statutes § 12-422. See *Alexandre* v. *Law*, Superior Court, judicial district of New Britain, Docket No. CV-07-4015060-S (March 17, 2009) (47 Conn. L. Rptr. 393). On appeal to the Superior Court, Alexandre claimed that the department erroneously concluded that his failure to keep and maintain original cash register tapes violated agency regulations and deprived the auditor of the ability to verify the LLC's sales activity. Alexandre further claimed that the jeopardy assessment imposed against him was improper. The court affirmed the department's conclusion that original cash register tapes were necessary to conduct a proper audit of the LLC pursuant to General Statutes §§ 12-426 (3), 12-145 (a) and § 12-2-12 (b) of the Regulations of Connecticut State Agencies, but that there was no reasonable basis for the jeopardy assessment under General Statutes § 12-417 (1). The court accordingly vacated the 15 percent negligence penalty and ordered that the $15,777.92 marshal's fee be removed from the final assessment. *Alexandre* v. *Law*, supra, Superior Court, Docket No. CV-07-4015060-S.[4]

---

[4] Our Supreme Court affirmed the court's decision on appeal. See *Alexandre* v. *Commissioner of Revenue Services*, 300 Conn. 566, 22 A.3d 518 (2011). On appeal, Alexandre claimed that the trial court improperly "(1) concluded that his failure to retain detailed cash register tapes meant that he could not sustain his burden of proving that the defendant's decision to impose

Turning to the relevant procedural history in the case before us, in August, 2009, the plaintiffs filed the operative complaint consisting of ten counts. In count one, the LLC sought damages from Egbuna for wanton, reckless and malicious conduct. In the second count, Alexandre sought damages from Greenfield for intentional infliction of emotional distress. In counts three and four, the LLC sought damages from Egbuna under § 1983 for alleged violation, under color of state law, of its rights under the equal protection clause of the fourteenth amendment to the United States constitution. In counts five and six, the LLC sought damages from Egbuna under article first, § 20, of the Connecticut constitution. In counts seven and eight, the LLC sought damages from Egbuna under § 1983 for alleged violation, under color of state law, of its rights under the due process clause of the fifth and fourteenth amendments to the United States constitution. Finally, in counts nine and ten, the plaintiffs sought damages from both defendants on theories of common-law civil conspiracy, and on a federal statutory claim, pursuant to 42 U.S.C. § 1985 (3), of civil conspiracy to violate their civil rights under color of state law. After filing an answer and special defenses, the defendants filed a motion for summary judgment on all counts on a number of grounds, including lack of subject matter jurisdiction.[5] The court

a deficiency assessment was incorrect; and (2) failed to discharge a tax lien that the defendant had placed on his real property in conjunction with a jeopardy assessment that the trial court determined had been improperly imposed pursuant to . . . § 12-417." Id., 571. Our Supreme Court concluded that the commissioner of revenue services properly required Alexandre to produce detailed cash register tapes to verify his gross receipts. Id., 571–72. It declined to review Alexandre's second claim because he failed to raise it properly before the trial court. Id., 572. The LLC was not a party in that case.

[5] Although "the proper way to challenge subject matter jurisdiction is by a motion to dismiss, rather than a motion for summary judgment"; *Booth* v. *Flanagan*, 19 Conn. App. 413, 415, 562 A.2d 592 (1989); it is not improper to treat a motion for summary judgment as a motion to dismiss. See *Bellman* v. *West Hartford*, 96 Conn. App. 387, 392–93, 891 A.2d 82 (2006).

granted the defendants' motion for summary judgment for lack of subject matter jurisdiction as to all of the counts. This appeal followed. In this appeal, the plaintiffs challenge only the court's granting of summary judgment as to their federal statutory and constitutional claims and the court's conclusion that § 12-39n does not create or authorize an independent tort cause of action.[6] The plaintiffs do not appeal from the court's granting of summary judgment on the remaining counts.

Our standard of review is well established. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a] . . . motion for summary judgment is plenary. . . .

"An appellate court's review of a trial court decision is circumscribed by the appropriate standard of review . . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find

---

[6] We note that although the court's memorandum of decision states that the federal claims "must be dismissed" for lack of subject matter jurisdiction, in its conclusion, the court stated that the defendants' motion for summary judgment is granted "in its entirety."

support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Biro* v. *Matz*, 132 Conn. App. 272, 277–78, 33 A.3d 742 (2011).

I

The plaintiffs claim that the court improperly concluded that it lacked subject matter jurisdiction over the LLC's federal constitutional claims arising under § 1983, specifically, counts three, four, seven and eight of the operative complaint. The defendants respond that § 12-422 provides an adequate legal remedy, and, therefore, the plaintiffs have no right to bring an action under § 1983 for these alleged injuries. We agree with the defendants.

"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of the case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage [of] the proceedings." (Internal quotation marks omitted.) *Massey* v. *Branford*, 119 Conn. App. 453, 459–60, 988 A.2d 370, cert. denied, 295 Conn. 921, 991 A.2d 565 (2010).

The plaintiffs begin their argument by asserting that the court improperly invoked the exhaustion doctrine in precluding their federal claims. They misconstrue the court's analysis. The plaintiffs argue that the court effectively invoked the doctrine of exhaustion, because "administrative remedies would include a tax appeal such as that countenanced by [§] 12-422." Here, the court stated that the plaintiffs need not exhaust their state administrative remedies before asserting § 1983

claims. The court emphasized, however, on the basis of controlling precedent from our Supreme Court, that a party has no right to bring a federal statutory action under § 1983 in connection with a state's collection of taxes "if the party has an adequate legal remedy for the claimed violation under state law." The court concluded that there was an adequate legal remedy under § 12-422, and, therefore, a § 1983 action seeking damages in connection with such conduct was "beyond the subject matter jurisdiction of this court." The court, therefore, properly concluded that § 12-422 did not create an exhaustion requirement under the facts of this case but, rather, provided an adequate remedy under state law.[7]

In determining that an adequate legal remedy existed, the court relied on *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 490 A.2d 509 (1985). In *Zizka*, the plaintiffs sought injunctive, declaratory and monetary relief under § 1983 for alleged violation of their rights to equal protection and due process of law under the federal constitution in connection with a town sewer assessment. Id., 682–83. Our Supreme Court affirmed the trial court's dismissal of the action on the ground that the plaintiffs had an adequate remedy under General Statutes § 7-250.[8] Id., 690. Our Supreme Court

[7] The plaintiffs cite *Blass* v. *Rite Aid of Connecticut, Inc.*, 51 Conn. Sup. 622, 16 A.3d 855 (2009), aff'd, 127 Conn. App. 569, 16 A.3d 737 (2011), in support of their argument that the court improperly invoked the exhaustion doctrine. In *Blass*, the court dismissed the plaintiff's action under the exhaustion doctrine; the court stated that the plaintiff could not bring an action arising under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., where administrative remedies under the Sales Tax Act were available pursuant to General Statutes §§ 12-425 and 12-422. Id., 630–31. *Blass* is distinguishable because exhaustion is not required for § 1983 actions. Here, the court did not apply the exhaustion doctrine to the § 1983 claims; rather, it concluded that an adequate legal remedy under state law existed, and, accordingly, an action under § 1983 was inappropriate. See *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 690, 490 A.2d 509 (1985).

[8] General Statutes § 7-250 provides in relevant part: "No assessment shall be made until after a public hearing before the water pollution control

reasoned that although the Federal Anti-Injunction Act, 28 U.S.C. § 1341,[9] does not operate as a jurisdictional barrier in state courts, it "points the way to the proper standard by which state tax challenges should be measured." *Zizka* v. *Water Pollution Control Authority*, supra, 690. Further, our Supreme Court stated: "In a § 1983 suit seeking relief from the collection of state taxes, we may impose limitations that, like those of § 1341, inquire into whether the claimants have been afforded a statutory remedy that is plain, speedy and efficient." (Internal quotation marks omitted.) Id.

The plaintiffs argue that *Zizka* is inapposite because here they did not seek to enjoin the defendants' assessment but, rather, they sought monetary damages. Thus, the plaintiffs argue that § 1341 is irrelevant because § 1341 applies only in cases where injunctive relief is sought. The plaintiffs in *Zizka*, however, sought not only injunctive relief, but also declaratory and monetary relief. Id., 682–83. More importantly, our Supreme Court did not cite § 1341 in relation to its principal requirement that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Rather, the court cited § 1341, which is rooted in principles of federalism, in support of its statement that "state courts should themselves determine the adequacy of state remedies for claims contesting state taxes." *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 690.

The court also relied properly on *Jade Aircraft Sales, Inc.* v. *Crystal*, 236 Conn. 701, 674 A.2d 834 (1996). In

authority at which the owner of the property to be assessed shall have an opportunity to be heard concerning the proposed assessment. . . ."

[9] Title 28 of the United States Code, § 1341, provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

350

*Jade Aircraft Sales, Inc.*, the commissioner of revenue services assessed a use tax against the plaintiff pursuant to General Statutes § 12-411. Id., 702. After a hearing, the commissioner upheld the assessment, and the plaintiff appealed the decision pursuant to § 12-422. Id., 702–703. The trial court dismissed the appeal for lack of subject matter jurisdiction because the plaintiff failed to serve properly the commissioner in the manner prescribed by § 12-422, and the plaintiff did not appeal from that judgment. Id., 703. The plaintiff, instead, brought a new action alleging, inter alia, that the assessment violated its federal constitutional rights under the due process clauses of the fifth and fourteenth amendments, as well as its rights under the commerce clause in violation of § 1983. Id., 703. On that count, the plaintiff sought declaratory and injunctive relief. Id. The plaintiff also sought attorney's fees under 42 U.S.C. § 1988.[10] *Jade Aircraft Sales, Inc.* v. *Crystal*, supra, 703. The trial court dismissed the action for lack of subject matter jurisdiction. Id., 704.

On appeal to our Supreme Court, the plaintiff in *Jade Aircraft Sales, Inc.*, argued that § 12-422 does not provide an adequate remedy because "(1) it does not provide for awards of monetary damages or attorney's fees; and (2) it provides only one month within which a tax assessment may be appealed." Id., 708–709. Our Supreme Court disagreed with each of the plaintiff's contentions. Id., 709–10. The court stated that the questions presented on appeal were "controlled" by its decision in *Zizka*; id., 705; noting that *Zizka* "stands for the proposition that if an adequate remedy exists at law for challenging a state tax assessment, state courts do not have jurisdiction to entertain such a challenge under

---

[10] Title 42 of the United States Code, § 1988 (b), provides in relevant part: "In any action or proceeding to enforce a provision of [section] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

§ 1983." Id., 707. Our Supreme Court emphasized that "in addition to legal relief, § 12-422 explicitly provides for such relief as may be equitable, including interest." (Internal quotation marks omitted.) Id., 709. Further, our Supreme Court noted that although attorney's fees are not available, § 12-422 does provide "both legal and equitable relief," and, therefore, § 12-422 affords a successful tax appellant an adequate remedy.[11] Id.

Here, the relief sought was only monetary damages and not attorney's fees. As our Supreme Court noted in *Jade Aircraft Sales, Inc.*, § 12-422 provides for legal and equitable relief. Id., 709. The plaintiffs attempt to

---

[11] In support of its conclusion, the court in *Jade Aircraft Sales, Inc.*, relied on *National Private Truck Council, Inc.* v. *Oklahoma Tax Commission*, 515 U.S. 582, 115 S. Ct. 2351, 132 L. Ed. 2d 509 (1995), in which the United States Supreme Court held that § 1983 provides no basis for courts to issue injunctive or declaratory relief in state cases when there is an adequate remedy at law. The United States Supreme Court referred to *Fair Assessment in Real Estate Assn., Inc.* v. *McNary*, 454 U.S. 100, 116, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981), in which it held that under principles of comity and federalism, Congress "never authorized federal courts to entertain damages actions under § 1983 against state taxes when state law furnishes an adequate legal remedy." *National Private Truck Council, Inc.* v. *Oklahoma Tax Commission*, supra, 587. The court stated that "[w]hether a suit is brought in federal or state court, Congress simply did not authorize the *disruption of state tax administration* in this way." (Emphasis added.) Id., 590. The allowance of a § 1983 action for damages in state court challenging a tax assessment, where an adequate remedy at law exists, would invoke the same policy concerns regarding the disruption of state tax administration expressed in *National Private Truck Council, Inc.* Several of our sister states have also disallowed such actions for lack of subject matter jurisdiction under this rationale. See, e.g., *Kowenhoven* v. *Allegheny*, 587 Pa. 545, 563, 901 A.2d 1003 (2006) (holding that § 1983 monetary damages are unavailable in tax cases brought in state court when adequate legal remedy exists); *General Motors Corp.* v. *San Francisco*, 69 Cal. App. 4th 448, 458–59, 81 Cal. Rptr. 2d 544 (1999) (denying claim for damages under § 1983 because tax refund provided adequate remedy); *New England Legal Foundation* v. *Boston*, 423 Mass. 602, 614, 670 N.E.2d 152 (1996) (denying attorney's fees pursuant to § 1988 where adequate state remedy existed); *General Motors Corp.* v. *Linden*, 143 N.J. 336, 671 A.2d 560 (1996) (denying claim seeking compensatory and punitive damages under § 1983).

distinguish *Jade Aircraft Sales, Inc.*, on the ground that here, the relief sought is solely monetary damages, whereas in *Jade Aircraft Sales, Inc.*, the plaintiff sought declaratory and injunctive relief. We recognize, as did our Supreme Court in *Zizka*, that as a general principle, "[t]he scope of a § 1983 action in state court depends in part upon the nature of the relief that is sought." *Zizka* v. *Water Pollution Control Authority*, supra, 195 Conn. 687–88. Our Supreme Court in *Jade Aircraft Sales, Inc.*, however, did not limit its holding that § 12-422 provided an adequate remedy to cases involving injunctive and declaratory relief. In fact, as we have stated, the plaintiff in *Jade Aircraft Sales, Inc.*, did argue that § 12-422 provided an inadequate remedy because it did not provide for awards of monetary damages *or* attorney's fees. *Jade Aircraft Sales, Inc.* v. *Crystal*, supra, 236 Conn. 708. Our Supreme Court rejected that argument. Id., 709.

We conclude that § 12-422 provides an adequate legal remedy for the plaintiffs' claims. Section 12-422 provides in relevant part: "Any taxpayer aggrieved because of *any* order, decision, determination or disallowance of the Commissioner of Revenue Services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of New Britain, which shall be accompanied by a citation to the Commissioner of Revenue Services to appear before said court. . . . Such appeals shall be *preferred cases*, to be heard, unless cause appears to the contrary, at the first session, by the court or by a committee appointed by it. Said court may grant *such relief as may be equitable* and, if such tax has been paid prior to the granting of such relief, may order the Treasurer to pay the amount of such relief, with interest at the rate of two-thirds of one per cent per month or fraction

thereof, to the aggrieved taxpayer. If the appeal has been taken without probable cause, the court may tax double or triple costs, as the case demands; and, upon all such appeals which are denied, costs may be taxed against the appellant at the discretion of the court, but no costs shall be taxed against the state." (Emphasis added.)

Here, the court concluded that "a plaintiff against whom sales and use taxes have been misbilled or miscollected in Connecticut does have an adequate legal remedy to review alleged unconstitutional conduct by state agents in the assessment, levying and/or collection of such taxes under [§] 12-422, and thus a federal statutory action seeking damages in connection with such conduct is beyond the subject matter jurisdiction of this court." The court noted our Supreme Court's statement in *Jade Aircraft Sales, Inc.*, that in addition to legal relief, § 12-422 "explicitly provides for such relief as may be equitable, including interest." (Internal quotation marks omitted.) *Jade Aircraft Sales, Inc.* v. *Crystal*, supra, 236 Conn. 709. Section 12-422, further, provides that such appeals shall be "preferred cases," and that the court may grant "such relief as may be equitable . . . ."[12] Thus, the court properly determined that it lacked subject matter jurisdiction over the federal statutory and constitutional claims.

II

The plaintiffs also claim that the court improperly concluded that the Connecticut Taxpayer's Bill of

[12] The plaintiffs argue that because they are not challenging the tax assessment itself but, rather, are bringing an "original damages action," § 12-422 does not provide an adequate remedy. We disagree with this narrow interpretation of the statutory language. Section 12-422 provides for an appeal of "any order, decision, determination or disallowance of the Commissioner of Revenue Services under section 12-418, 12-421 or 12-425 . . . ." Further, § 12-422 allows the court to grant "such relief as may be equitable . . . ." See *Jade Aircraft Sales, Inc.* v. *Crystal*, supra, 236 Conn. 709.

Rights, § 12-39n, does not create or authorize a common-law tort cause of action. We disagree.

This issue presents a question of statutory interpretation over which our review is plenary. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Windels* v. *Environmental Protection Commission*, 284 Conn. 268, 294–95, 933 A.2d 256 (2007).

"We begin our analysis with the well settled fundamental premise that there exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute. In order to overcome that presumption, the [plaintiffs bear] the burden of demonstrating that such an action is created implicitly in the statute. . . . In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose . . . benefit the statute was

enacted . . . ? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 249, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997).

"Consistent with the dictates of . . . § 1-2z, however, we do not go beyond the text of the statute and its relationship to other statutes unless there is some textual evidence that the legislature intended, but failed to provide expressly, a private right of action. Textual evidence that would give rise to such a question could include, for example, language granting rights to a discrete class without providing an express remedy or language providing a specific remedy to a class without expressly delineating the contours of the right. . . .

"Finally, we note that [i]n examining [the three *Napoletano*] factors, each is not necessarily entitled to equal weight. Clearly, these factors overlap to some extent with each other, in that the ultimate question is whether there is sufficient evidence that the legislature intended to authorize [these plaintiffs] to bring a private cause of action despite having failed expressly to provide for one. . . . Therefore, although the [plaintiffs] must meet a threshold showing that none of the three factors weighs against recognizing a private right of action, stronger evidence in favor of one factor may form the lens through which we determine whether the [plaintiffs] satisf[y] the other factors. Thus, the amount and persuasiveness of evidence supporting each factor may vary, and the court must consider all evidence that could bear on each factor. It bears repeating, however, that the [plaintiffs] must meet the threshold showing that none of the three factors weighs against recognizing a private right of action. . . .

"The stringency of the test is reflected in the fact that, since this court decided *Napoletano*, we have not recognized an implied cause of action despite numerous requests."[13] (Citation omitted; internal quotation marks omitted.) *Gerardi* v. *Bridgeport*, 294 Conn. 461, 468–70, 985 A.2d 328 (2010).

Section 12-39n provides in relevant part: "There is created a Connecticut Taxpayer's Bill of Rights to guarantee that the rights, privacy, and property of Connecticut taxpayers are adequately safeguarded and protected during tax assessment, collection and enforcement processes administered under the revenue laws of this state. The rights afforded taxpayers to assure that their privacy and property are safeguarded and protected during tax assessment and collection are available only insofar as they are implemented in other parts of the general statutes or rules or regulations of the Department of Revenue Services. . . ." Here, the court rejected the plaintiffs' claim that § 12-39n provided either an express or implied right of action. Specifically, the court stated that "there is simply nothing in the Taxpayer Bill of Rights that creates or authorizes the

---

[13] See *Burton* v. *Commissioner of Environmental Protection*, 291 Conn. 789, 797–800, 970 A.2d 640 (2009) (rejecting plaintiff's claim that General Statutes § 22a-20 implicitly provides private right of action); *Provencher* v. *Enfield*, 284 Conn. 772, 777–90, 936 A.2d 625 (2007) (rejecting plaintiff's claim that General Statutes § 22-331 [a] implicitly provides private right of action); *Rollins* v. *People's Bank Corp.*, 283 Conn. 136, 137–38, 925 A.2d 315 (2007) (refusing to find that General Statutes § 51-199b [d] implicitly provides private right of action for customer against financial institution for disclosure of customer's financial records in violation of General Statutes § 36a-42 or § 36a-43); *Asylum Hill Problem Solving Revitalization Assn.* v. *King*, 277 Conn. 238, 259, 890 A.2d 522 (2006) (rejecting plaintiff's claim that General Statutes § 8-37cc [b] implicitly provides private right of action); *Eder Bros., Inc.* v. *Wine Merchants of Connecticut, Inc.*, 275 Conn. 363, 378, 880 A.2d 138 (2005) (rejecting plaintiffs' claim that Liquor Control Act, General Statutes § 30-1 et seq., implicitly provides private right of action); *Pane* v. *Danbury*, 267 Conn. 669, 680, 841 A.2d 684 (2004) (rejecting plaintiff's claim that Freedom of Information Act, General Statutes § 1-200 et seq., implicitly provides private right of action).

kind of legal claim or cause of action which the plaintiffs urge this court to recognize. Had it been the intent of the legislature to create or authorize such a claim or cause of action, it could easily have done so in the text of the statute, such as by amending the scope and substance of [§] 12-422 or by expressly establishing a new and different statutory remedy. As the plaintiffs candidly admit, however, the legislature did no such thing. It ill behooves this court to rewrite statutes on the theory that the legislature implicitly intended that they be so construed."

The court properly concluded that § 12-39n provides no implied right of action because there is no indication of legislative intent, explicit or implicit, to create such a remedy.[14] Section 12-39n explicitly states that the rights afforded to taxpayers therein are "available *only* insofar as they are *implemented in other parts* of the general statutes or rules or regulations of the Department of Revenue Services. . . ." (Emphasis added.) Thus, the legislature expressly provided that the rights granted in § 12-39n shall be enforced by other parts of the general statutes, or by rules or regulations of the department of revenue services. The plaintiffs point to 4 Restatement (Second) Torts, § 874A (1979), in support of their argument that this court should infer a private right of action in their favor. Section 874A provides that when a legislative provision "protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court *may*, if it determines that the remedy is appropriate in furtherance of the legislation *and needed to assure effectiveness of the provision,* accord to an injured member of a class a right of action, using a suitable existing tort

---

[14] It is undisputed that the plaintiffs, as taxpayers, are within the class for whose benefit § 12-39n was enacted. See *Gerardi* v. *Bridgeport*, supra, 294 Conn. 468.

action or a new cause of action analogous to an existing tort action." (Emphasis added.)

Here, an implied remedy is not needed to ensure the effectiveness of § 12-39n, because the remedies available to taxpayers in our General Statutes and the department's regulations adequately protect the rights in § 12-39n. As we have stated, § 12-422 provides an adequate remedy for the plaintiffs' claims against the defendants. Further, the allowance of a private right of action under § 12-39n would interfere with the existing remedies available under our tax statutes and regulations. See *Gerardi* v. *Bridgeport*, supra, 294 Conn. 472 (rejecting claim that General Statutes § 31-48d [c] provided private right of action when statute clearly delegated all powers related to violations of that statute to labor commissioner); *Eder Bros., Inc.* v. *Wine Merchants of Connecticut, Inc.*, 275 Conn. 363, 373–74, 880 A.2d 138 (2005) (rejecting plaintiffs' claim of private right of action under Liquor Control Act when act delegates all enforcement authority exclusively to department of consumer protection). Finally, if the legislature intended to provide a private right of action for enforcement of § 12-39n, it easily could have done so. Instead, it expressly provided that the enforcement of the rights in § 12-39n shall be "implemented in other parts of the general statutes or rules or regulations of the Department of Revenue Services. . . ." Accordingly, the court properly concluded that § 12-39n does not provide a private right of action for the plaintiffs.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the action for lack of subject matter jurisdiction.

In this opinion the other judges concurred.